**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TAMMY L. HENDRICKS,   Case No. 1:10-cv-600

    Plaintiff,   Dlott, J.
       Bowman, M.J.
  v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Tammy L. Hendricks filed a Social Security appeal in this Court in order to challenge the Defendant's finding that she was not disabled.  *See* 42 U.S.C. §405(g).  On September 30, 3011, this Court partially granted Plaintiff relief, by remanding the record to the Commissioner under sentence six for consideration of new and material evidence.  An administrative record recently filed by Plaintiff reflects that on remand, the Commissioner found Plaintiff to be disabled as of January 30, 2005.

On March 1, 2013, Plaintiff moved for entry of a final order adopting the February 20, 2013 decision of the Social Security Appeals Council.  (Doc. 23).  On March 5, 2013, Defendant filed a response indicating that she has no objection to the adoption of the Commissioner's latest determination for the opinion of this Court, pursuant to sentence six of 42 U.S.C. §405(g), as well as the Magistrate Judges' General Order Number Six, dated January 15, 1997 attached as an exhibit to Plaintiff's motion.

1

Although the 1997 Order no longer exists,[1] both the statute and relevant case law confirm that this Court retains jurisdiction when a social security appeal is remanded under sentence six. *See Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 841 (6th Cir. 2006)(explaining that the district court retains jurisdiction following sentence six remands which do not involve a final judgment, but not for sentence four remands which involve a final judgment).[2] In this case, a "Clerk's Judgment" was filed on September 30, 2011, affirming the order of remand by the presiding district judge of the same date as a "Judgment in a Civil Case." (Doc. 22). Notwithstanding that document, under the statute and controlling case law, no "final judgment" was or could have been rendered by this Court in light of the fact that remand was granted under sentence six. Rather, this Court has retained jurisdiction since the date of remand.

The difference between the two types of remands under the Social Security Act, and the retention of jurisdiction, most often becomes relevant in the context of resolving subsequent fee petitions under the Equal Access to Justice Act ("EAJA"). *Id.*, at 842. Most such fee petitions in social security cases are filed by a "prevailing party" who obtains a sentence four remand, claiming fees for a limited time period between the filing of the civil complaint and the remand/corresponding judgment by this Court. However, unlike a sentence four remand, a sentence six remand "is not a sufficient basis for a litigant to claim 'prevailing party' status." *Id.*; *see also Scales v. Astrue*, Case

---

[1] *See* Magistrate Judges' General Order concerning Social Security Appeals, Cincinnati General Order 12-01, stating that all "prior general orders of the United States Magistrate Judges at Cincinnati with respect to all such cases are hereby RESCINDED."

[2] The timeliness of a fee petition under the EAJA is dependent on when a final judgment is entered. In sentence six cases, the filing period does not begin to run until after the post-remand proceedings are completed, the parties return to district court, and the court enters final judgment. *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991).

No. 1:10-cv-267, 2012 WL 628407 (S.D. Ohio Feb. 27, 2012).  Therefore, a litigant who obtains a sentence six remand must obtain success during subsequent administrative proceedings in order to claim "prevailing party" status for purposes of the EAJA, and may be required to append the record of subsequent administrative proceedings in order for this Court to determine whether the Commissioner's position in those proceedings was "substantially justified" under the EAJA.[3]

The EAJA provides for a fee award only for fees incurred in a "civil action," generally construed as time spent in federal court.  See 28 U.S.C. §2412(d)(1)(A).  Time spent in administrative proceedings ordinarily is compensated under different provisions of the Social Security Act itself, rather than under the EAJA, see 42 U.S.C. §406(a) and (b).  An exception exists for time spent in administrative proceedings after a sentence six remand, due to the continuing jurisdiction of this Court.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT**:

1.  Plaintiff's motion for entry of Final Order Adopting Decision of Social Security Appeals Council (Doc. 23) be **GRANTED**;

2. The Commissioner's fully favorable decision, dated February 20, 2013 (Doc. 23 at 4-9) should adopted as the decision of this Court, with a final appealable judgment to be entered forthwith.

---

[3] In *Marshall*, the Sixth Circuit held that it could not determine whether the Commissioner's position was substantially justified due to the litigant's failure to attach the record of administrative proceedings.  However, it is the Commissioner's burden to show that the prior litigation position was "substantially justified."  The Commissioner may, or may not, choose to present evidence on this defense in any given case.  If the Commissioner does not contest the issue and does not present other special circumstances that make an EAJA award unjust, then the EAJA mandates that a "reasonable" fee be awarded to the "prevailing party."  28 U.S.C. §2412(d)(1).

                                                */s Stephanie K. Bowman*
                                                Stephanie K. Bowman
                                                United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TAMMY L. HENDRICKS,

    Plaintiff,

  v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:10-cv-600

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).